IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------  :
  UNITED STATES OF AMERICA                         : CASE NO.  5:10 CR 00257
                                                                          :
                                          Plaintiff        :
                                                                          : MEMORANDUM OF OPINION AND
                        -vs-                                  : ORDER
                                                                          :
                                                                          :
  ROBERT ROOP,                                         :
                                                                          :
                                        Defendant    :
---------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 29 June 2010, the government filed a one-count Indictment against defendants Robert Roop, Diana Roop, Richard Singleton, Richard Roop, and Gerald Uhl, charging them with conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846 (Doc. 1).

Robert Roop has filed several motions before the Court, either through counsel, or in a pro se capacity.  As discussed below, those motions will be denied either as premature, or as without merit.

The Court will consider the motions in chronological order of their filing.  Robert Roop, first, requests, through former counsel, information relating to any consideration a witness may have received in exchange for cooperation and testimony.  (Doc. 41). Robert Roop also moves for an order requiring the government to disclose the names, addresses and phone numbers of witnesses it intends to call at trial. (Doc. 42).  This material falls under the Jencks Act.  In addition, Mr. Roop has requested disclosure of

impeaching material regarding any "deals" made between the government and testifying witnesses.  (Doc. 43).  At the time of trial, the government must provide all information required pursuant to the Jencks Act, 18 U.S.C. § 3500, and the decision in Giglio v. United States, 405 U.S. 150 (1972).  Robert Roop's current requests for Jencks and Giglio information will be denied as premature.

Next, Robert Roop, arguing through counsel, seeks disclosure of matters pending before the grand jury due to Mr. Roop's conviction that "no grand jury hearing was held in this case and that his case was presented by information, not by grand jury hearing."  (Doc. 98).

In presenting his request for grand jury disclosure, Robert Roop must overcome a presumption of regularity to all grand jury proceedings.  See Untied States v. Battista, 646 F.2d 237, 242 (6th Cir. 1981).  Robert Roop must also demonstrate a particular need for the discovery, regardless of the type of alleged grand jury irregularity.  United States v. Short, 671 F. 2d 178, 184-86 (6th Cir. 1982); see also United States v. Sells Engineering, 463 U.S. 418, 443 (1983)

In this instance, the Indictment lodged against Robert Roop and his co-defendants was filed on 8 June 2010, and signed by the United States Attorney or his authorized representative, and the foreman of the grand jury.  The signed Indictment evidences the grand jury proceedings.  To reach beyond this, Robert Roop has not shown any particularized need for disclosure of the grand jury materials.

Accordingly, the Court will deny the Defendant's motion for the release of grand jury information.

2

Robert Roop has also filed a pro se "Motion to Dismiss Indictment." (Doc. 108). Mr. Roop contends the government failed to charge him with conspiracy in violation of 21 U.S.C. § 846 and that the government's case would not survive a motion for directed verdict, brought pursuant to Fed. R. Civ. P. 29. Mr. Roop's argument for a directed verdict will be dismissed as premature. Mr. Roop's contention that the Indictment does not charge him and his co-defendants with conspiracy to manufacture and to possess with intent to distribute methamphetamine fails on its face.

The Indictment does, in fact, charge Mr. Roop and his co-defendants with conspiracy in violation of 21 U.S.C. § 846, and enumerates 75 overt acts, naming Robert Roop in 21 of those overt acts. (Doc. 1). Accordingly, Mr. Roop's Motion to Dismiss Indictment will be denied.

Further, Robert Roop has filed a pro se "Motion for Discovery and Evidentiary Hearing Regarding Grand Jury Investigation." (Doc. 109). Mr. Roop maintains the Grand Jury could not have returned a true bill against him because the government has not provided any evidence of methamphetamine manufacturing, possession or distribution. Mr. Roop alleges the "the Grand Jury that indicted Mr. Roop and his codefendants was presented with fraudulant (sic) information or were given improper instructions on the law."

The Court will deny Mr. Roop's motion for discovery (Doc. 109) on two grounds. First, Mr. Roop misconstrues the legal basis of the conspiracy charge. The essence of conspiracy is agreement and, thus, proving conspiracy requires only establishing an agreement existed, and such proof need not hinge on the "controlled buys," "pictures," or "video of illicit activity" imagined by Mr. Roop in his motion. Second, where an

3

Indictment is valid on its face, as is the Indictment in this instance, the document provides the basis to call for trial of the charge on the merits.  See Costello v. United States, 350 U.S. 359, 408-09 (1956).  Robert Roop will have the opportunity to challenge the sufficiency of the evidence presented at trial, not at the grand jury.  See United States v. Powell, 823 F.2d 996, 999 (6th Cir. 1987).

Finally, Robert Roop, proceeding pro se, files a "Request for Hearing" (Doc. 116), "to rebut the government's intent to use prior conviction to enhance Mr. Roop's sentence pursuant to 21 U.S.C. § 851(a) (Doc. 46)."  Mr. Roop's hearing request is in response to the government's 24 September 2010 filing of a sentencing enhancement information, pursuant to 21 U.S.C. § 851.  The issue presented by the enhancement information will be addressed at any sentencing hearing should there be a finding of guilt in this matter.  Prior consideration is premature and will be denied.

Accordingly, the Court dismisses Robert Roop's motions as either premature (Docs. 41, 42, 43, 116), or as without merit (Docs. 98, 108, 109).

IT IS SO ORDERED.

    /s/Lesley Wells  
    UNITED STATES DISTRICT JUDGE

Date:  19 August 2011